**In this court of record at the United States District Court Middle District of Florida**

**Terrell Latrey Capers; just a man**
     **Plaintiff/ affiant**                     **Docket Number . 8:21cv1241SDM-JSS**

**and**

**State of Florida et al; Robin Fernandez Fuson; in his individual capacity**
**Wesley Tibbals; in his individual capacity, Stephanie Nunes Xavier; in her individual Capacity**
     **Defendant**

### Mandatory judicial notice by affidavit of indigenous peoples rights

Comes now Affiant, Capers , Terrell Latrey, one of the indigenous people of the Americas, of Florida (geographically) , Sui Juris, De Jure, in this court of record, for Summary Judgement , making the following claims, so that all public officials and private actors may provide due care:

Please take mandatory judicial notice of the following:

1.) It would be Maladministration and deprivation of rights to deny the plaintiff demand for summary judgement.
2.) The rights of the indigenous are to be upheld and secured pursuant to AMERICAN DECLARATION ON THE RIGHTS OF INDIGENOUS PEOPLES (Adopted at the third plenary session, held on June 15, 2016) (please see attachment).
3.) The defendants would be committing perjury if they were to attempt to rebut my affidavits as man or woman. I DO NOT KNOW IF MY DAUGHTER IS DEAD OR ALIVE AND WELL.
4.) I, nor my family, including my daughter are a United States citizen nor are we " Black" or any racial/ethnic label.
5.) My daughter has been missing since 2020, unlawfully taken by the defendants from my private property, this is robbery, kidnapping. The tribunal was noticed and ignored all notices.
6.) Please read the attached document: AMERICAN DECLARATION ON THE RIGHTS OF INDIGENOUS PEOPLES (Adopted at the third plenary session, held on June 15, 2016) as I have placed the word ( VIOLATED) next to every section violated by the defendants (See Attachment A)
7.) I'm not understanding why any United States funded contractor such as the defendants would choose to go to war with my family and I when the only requirement is peace; to kidnap my one and only daughter, trespass on rights and when asked to prove authority they fail to render is not that of any respectable/honorable man or woman. I'm at peace despite any war surrounding me and family and I simply, by right, respectfully, it is my wish that my demands are accepted and granted and my family is kept whole as any other honorable, peaceful man would appreciate that foreigners not molest, rob nor harm him or his family as do I.

Verification — Affirmed, Self declared

I hereby declare, certify and affirm, pursuant to the penalties of perjury under the laws of the American nation that all the above and foregoing

1

representations are true and correct to the best of my knowledge, information and belief.

Execute _Hillsborough Tampa_ , Florida , this _1_ day of ~~May~~ _June_ in the Year of
Our Lord Two Thousand and ~~Twenty~~-One.

_____
Without the United States
(Terrell Latrey Capers)

Notary as JURAT CERTIFICATE

_Florida_____ [State] }

_Hillsborough_____ [County]      }At Federal Courthouse

On this _1_ day of ~~May~~ _June_, 2021 before ~~me,~~

_Terrell Latrey Capers___ , a Notary Public, personally appeared
~~(Notary Public name)~~
Self Serving

_Terrell Latrey Capers_, who proved to me based on-satisfactory evidence to
be the man whose name is subscribed to the within instrument and verified to me that he executed the same in his authorized capacity, one of the indigenous people of the Americas, Sui Juris De jure, Lawful father of Jevaeh Xavier and by rightful claim of possession above all others in society and that by his autograph(s) on the instrument the man executed, the instrument and all claims and rights asserted or not by him stands as truth forevermore and Jevaeh Xavier is to be restored to him immediately. State and federal enforcement are to locate anyone in possession of Jevaeh Xavier, Seize and return her immediately, Without delay to her lawful father Terrell Latrey Capers . I verify under PENALTY OF PERJURY under the lawful laws of Florida  State  that the foregoing paragraph is true and correct. WITNESS my hand and official seal

_____
~~Signature of Notary~~/Jurat of Terrell Latrey Capers Seal

2

Memorandum Notice
Attachment A.

- 3 -

AMERICAN DECLARATION
ON THE RIGHTS OF INDIGENOUS PEOPLES

**PREAMBLE**

The member states of the Organization of American States (hereinafter the states),

RECOGNIZING:

That the rights of indigenous peoples are both essential and of historic significance to the present and future of the Americas;

The important presence in the Americas of indigenous peoples and their immense contribution to development, plurality, and cultural diversity and reiterating our commitment to their economic and social well-being, as well as the obligation to respect their rights and cultural identity; and

That the existence of indigenous cultures and peoples of the Americas is important to humanity; and

REAFFIRMING that indigenous peoples are original, diverse societies with their own identities that form an integral part of the Americas;

CONCERNED that indigenous peoples have suffered from historic injustices as a result of, inter alia, their colonization and dispossession of their lands, territories and resources, thus preventing them from exercising, in particular, their right to development in accordance with their own needs and interests;

RECOGNIZING the urgent need to respect and promote the inherent rights of indigenous peoples which derive from their political, economic and social structures and from their cultures, spiritual traditions, histories and philosophies, especially their rights to their lands, territories and resources;

RECOGNIZING FURTHER that respect for indigenous knowledge, cultures and traditional practices contributes to sustainable and equitable development and proper management of the environment;

BEARING IN MIND the progress achieved at the international level in recognizing the rights of indigenous peoples, especially the 169 ILO Convention and the United Nations Declaration on the Rights of Indigenous Peoples;

BEARING IN MIND ALSO the progress made in nations of the Americas, at the constitutional, legislative, and jurisprudential levels to safeguard, promote, and protect the rights of indigenous peoples, as well as the political will of states to continue their progress toward recognition of the rights of indigenous peoples in the Americas;

- 4 -

RECALLING the commitments undertaken by the Member States to guarantee, promote, and protect the rights and institutions of indigenous peoples, including those undertaken at the Third and Fourth Summits of the Americas;

RECALLING AS WELL the universality, inseparability, and interdependence of human rights recognized under international law;

CONVINCED that recognition of the rights of indigenous peoples in this Declaration will foster among states and indigenous peoples harmonious and cooperative relations based on the principles of justice, democracy, respect for human rights, nondiscrimination, and good faith;

CONSIDERING the importance of eliminating all forms of discrimination that may affect indigenous peoples, and taking into account the responsibility of states to combat them;

ENCOURAGING States to respect and comply with and effectively implement all their obligations as they apply to indigenous peoples under international instruments, in particular those related to human rights, in consultation and cooperation with the peoples concerned;

DECLARE:

## SECTION ONE: Indigenous Peoples. Scope of Application

**Article I.**

1.      The American Declaration on the Rights of Indigenous Peoples applies to the indigenous peoples of the Americas.

2.      Self-identification as indigenous peoples will be a fundamental criteria for determining to whom this Declaration applies. The states shall respect the right to such self-identification as indigenous, individually or collectively, in keeping with the practices and institutions of each indigenous people.

**Article II.**

The states recognize and respect the multicultural and multilingual character of the indigenous peoples, who are an integral part of their societies.

**Article III.**

Indigenous peoples have the right to self-determination. By virtue of that right they freely determine their political status and freely pursue their economic, social and cultural development.

**Article IV.**

Nothing in this Declaration may be interpreted as implying for any State, people, group or person any right to engage in any activity or to perform any act contrary to the Charter of the Organization of American States and the Charter of the United Nations or construed as authorizing or

- 5 -

encouraging any action which would dismember or impair, totally or in part, the territorial integrity or political unity of sovereign and independent States.

## SECTION TWO: Human Rights and Collective Rights

*Violated* **Article V.**     Full effect and observance of human rights

Indigenous peoples and persons have the right to the full enjoyment of all human rights and fundamental freedoms, as recognized in the Charter of the United Nations, the Charter of the Organization of American States and international human rights law.

*Violated* **Article VI.**     Collective rights

Indigenous peoples have collective rights that are indispensable for their existence, well-being, and integral development as peoples. In this regard, the states recognize and respect, the right of the indigenous peoples to their collective action; to their juridical, social, political, and economic systems or institutions; to their own cultures; to profess and practice their spiritual beliefs; to use their own tongues and languages; and to their lands, territories and resources. States shall promote with the full and effective participation of the indigenous peoples the harmonious coexistence of rights and systems of the different population, groups, and cultures.

**Article VII.**     Gender equality

1.     Indigenous women have the right to the recognition, protection, and enjoyment of all human rights and fundamental freedoms provided for in international law, free of all forms of discrimination.

2.     States recognize that violence against indigenous peoples and persons, particularly women, hinders or nullifies the enjoyment of all human rights and fundamental freedoms.

3.     States shall adopt the necessary measures, in conjunction with indigenous peoples, to prevent and eradicate all forms of violence and discrimination, particularly against indigenous women and children.

**Article VIII.**     Right to belong to the indigenous peoples

Indigenous persons and communities have the right to belong to one or more indigenous peoples, in accordance with the identity, traditions, customs, and systems of belonging of each people. No discrimination of any kind may arise from the exercise of such a right.

**Article IX.**     Juridical personality

The states shall recognize fully the juridical personality of the indigenous peoples, respecting indigenous forms of organization and promoting the full exercise of the rights recognized in this Declaration.

**Article X.**     Rejection of assimilation

- 6 -

1.      Indigenous peoples have the right to maintain, express, and freely develop their cultural identity in all respects, free from any external attempt at assimilation.

2.      The States shall not carry out, adopt, support, or favor any policy to assimilate the indigenous peoples or to destroy their cultures.

**Article XI.**      Protection against genocide

Indigenous peoples have the right to not be subjected to any form of genocide or attempts to exterminate them.

**Article XII.**      Guarantees against racism, racial discrimination, xenophobia, and other related forms of intolerance

Indigenous peoples have the right not to be subject to racism, racial discrimination, xenophobia, and other related forms of intolerance. The states shall adopt the preventive and corrective measures necessary for the full and effective protection of this right.

## SECTION THREE: Cultural identity

Violated
**Article XIII.**      Right to cultural identity and integrity

1.       Indigenous peoples have the right to their own cultural identity and integrity and to their cultural heritage, both tangible and intangible, including historic and ancestral heritage; and to the protection, preservation, maintenance, and development of that cultural heritage for their collective continuity and that of their members and so as to transmit that heritage to future generations.

2.      States shall provide redress through effective mechanisms, which may include restitution, developed in conjunction with indigenous peoples, with respect to their cultural, intellectual, religious and spiritual property taken without their free, prior and informed consent or in violation of their laws, traditions and customs.

3.      Indigenous people have the right to the recognition and respect for all their ways of life, world views, spirituality, uses and customs, norms and traditions, forms of social, economic and political organization, forms of transmission of knowledge, institutions, practices, beliefs, values, dress and languages, recognizing their inter-relationship as elaborated in this Declaration.

**Article XIV.**      Systems of Knowledge, Language and Communication

1.      Indigenous peoples have the right to preserve, use, develop, revitalize, and transmit to future generations their own histories, languages, oral traditions, philosophies, systems of knowledge, writing, and literature; and to designate and maintain their own names for their communities, individuals, and places.

2.      The states shall adopt adequate and effective measures to protect the exercise of this right with the full and effective participation of indigenous peoples.

3.     Indigenous peoples have the right to promote and develop all their systems and media of communication, including their own radio and television programs, and to have equal access to all other means of communication and information. The states shall take measures to promote the broadcast of radio and television programs in indigenous languages, particularly in areas with an indigenous presence. The states shall support and facilitate the creation of indigenous radio and television stations, as well as other means of information and communication.

4.     The states, in conjunction with indigenous peoples, shall make efforts to ensure that those peoples can understand and be understood in their languages in administrative, political, and judicial proceedings, where necessary through the provision of interpretation or by other effective means.

**Article XV.**     Education

1.     Indigenous peoples and individuals, particularly indigenous children, have the right to all levels and forms of education, without discrimination.

2.     States and indigenous peoples, in keeping with the principle of equality of opportunity, shall promote the reduction of disparities in education between indigenous and non-indigenous peoples.

3.     Indigenous peoples have the right to establish and control their educational systems and institutions, providing education in their own languages, in a manner appropriate to their cultural methods of teaching and learning.

4.     In conjunction with indigenous peoples, the states shall take effective measures to ensure that indigenous persons living outside their communities, particularly children, may have access to education in their own languages and cultures.

5.     States shall promote harmonious intercultural relations, ensuring that the curricula of state educational systems reflect the pluricultural and multilingual nature of their societies and encourage respect for and knowledge of the different indigenous cultures. States shall, in conjunction with indigenous peoples, promote intercultural education that reflects the worldview, histories, languages, knowledge, values, cultures, practices, and ways of life of those peoples.

6.     States, in conjunction with indigenous peoples, shall adopt necessary and effective measures to ensure the exercise and observance of these rights.

**Article XVI.**     Indigenous spirituality

1.     Indigenous peoples have the right to freely exercise their own spirituality and beliefs and, by virtue of that right, to practice, develop, transmit, and teach their traditions, customs, and ceremonies, and to carry them out in public and in private, individually and collectively.

2.     No indigenous people or person shall be subject to pressures or impositions, or any other type of coercive measures that impair or limit their right to freely exercise their indigenous spirituality and beliefs.

- 8 -

3.      Indigenous Peoples have the right to preserve, protect, and access their sacred sites, including their burial grounds; to use and control their sacred objects relics, and to recover their human remains.

4.      States, in conjunction with indigenous peoples, shall adopt effective measures, to promote respect for indigenous spirituality and beliefs, and to protect the integrity of the symbols, practices, ceremonies, expressions, and spiritual protocols of indigenous peoples, in accordance with international law.

**Article XVII.**   Indigenous family   Violated

1.      The family is a natural and fundamental group unit of society. Indigenous peoples have the right to preserve, maintain, and promote their own family systems. States shall recognize, respect, and protect the various indigenous forms of family, in particular the extended family, as well as the forms of matrimonial union, filiations, descent, and family name. In all cases, gender and generational equity shall be recognized and respected.

2.      In matters relating to custody, adoption, severance of family ties, and related matters, the best interests of the child shall be a primary consideration. In determining the best interests of the child, courts and other relevant institutions shall take into account the right of every indigenous child, in community with member of his or her people, to enjoy his or her own culture, to profess and practice his or her own religion or to use his or her own language and in that regard shall look to the indigenous law of the peoples concerned and shall consider their points of view, rights and interest, including the positions of individuals, the family, and the community.

**Article XVIII.**   Health

1.      Indigenous peoples have the collective and individual right to the enjoyment of the highest attainable standard of physical, mental, and spiritual health.

2.      Indigenous peoples have the right to their own health systems and practices, as well as to the use and protection of the plants, animals, minerals of vital interests, and other natural resources for medicinal use in their ancestral lands and territories.

3.      States shall take measures to prevent and prohibit indigenous peoples and individuals from being subject to research programs, biological or medical experimentation, as well as sterilization without their prior, free, and informed consent. Likewise, indigenous peoples and persons have the right, as appropriate, to access to their data, medical records, and documentation of research conducted by individuals and public and private institutions.

4.      Indigenous peoples have the right to use, without any discrimination whatsoever, all the health and medical care institutions and services accessible to the general population. States, in consultation and coordination with indigenous peoples, shall promote intercultural systems or practices in the medical and health services provided in indigenous communities, including training of indigenous technical and professional health care personnel.

5.      States shall guarantee the effective exercise of the rights contained in this article.

- 9 -

**Article XIX.**   Right to protection of a healthy environment

1.     Indigenous peoples have the right to live in harmony with nature and to a healthy, safe, and sustainable environment, essential conditions for the full enjoyment of the right to life, to their spirituality, worldview and to collective well-being.

2.     Indigenous peoples have the right to conserve, restore, and protect the environment and to manage their lands, territories and resources in a sustainable way.

3.     Indigenous peoples are entitled to be protected against the introduction of, abandonment, dispersion, transit, indiscriminate use or deposit of any harmful substance that could negatively affect indigenous communities, lands, territories and resources.

4.     Indigenous peoples have the right to the conservation and protection of the environment and the productive capacity of their lands or territories and resources. States shall establish and implement assistance programmes for indigenous peoples for such conservation and protection, without discrimination.

## SECTION FOUR: Organizational and Political Rights

**Article XX.**   Rights of association, assembly, and freedom of expression and thought

1.     Indigenous peoples have the rights of association, assembly, organization and expression, and to exercise them without interference and in accordance with their worldview, *inter alia*, values, usages, customs, ancestral traditions, beliefs, spirituality, and other cultural practices.

2.     Indigenous peoples have the right to assemble on their sacred and ceremonial sites and areas. For this purpose they shall have free access and use to these sites and areas.

3.     Indigenous peoples, in particular those who are divided by international borders, shall have the right to travel and to maintain and develop contacts, relations, and direct cooperation, including activities for spiritual, cultural, political, economic, and social purposes, with their members and other peoples.

4.     These states shall adopt, in consultation and cooperation with the indigenous peoples, effective measures to ensure the exercise and application of these rights.

**Article XXI.**   Right to autonomy or self-government

1.     Indigenous peoples, in exercising their right to self-determination, have the right to autonomy or self-government in matters relating to their internal and local affairs, as well as ways and means for financing their autonomous functions.

2.     Indigenous peoples have the right to maintain and develop their own decision-making institutions. They also have the right to participate in the decision making in matters which would affect their rights. They may do so directly or through their representatives, and accordance with their

own norms, procedures, and traditions. They also have the right to equal opportunities to access and to participate fully and effectively as peoples in all national institutions and fora, including deliberative bodies.

**Article XXII.**   Indigenous law and jurisdiction

1.      Indigenous peoples have the right to promote, develop and maintain their institutional structures and their distinctive customs, spirituality, traditions, procedures, practices and, in the cases where they exist, juridical systems or customs, in accordance with international human rights standards.

2.      The indigenous law and legal systems shall be recognized and respected by the national, regional and international-legal systems.

3.      The matters referring to indigenous persons or to their rights or interests in the jurisdiction of each state shall be conducted so as to provide for the right of the indigenous people to full representation with dignity and equality before the law. Consequently, they are entitled, without discrimination, to equal protection and benefit of the law, including the use of linguistic and cultural interpreters.

4.      The States shall take effective measures in conjunction with indigenous peoples to ensure the implementation of this article.

**Article XXIII.**   Contributions of the indigenous legal and organizational systems

1.      Indigenous peoples have the right to full and effective participation in decision-making, through representatives chosen by themselves in accordance with their own institutions, in matters which affect their rights, and which are related to the development and execution of laws, public policies, programs, plans, and actions related to indigenous matters.

2.      States shall consult and cooperate in good faith with the indigenous peoples concerned through their own representative institutions in order to obtain their free, prior and informed consent before adopting and implementing legislative or administrative measures that may affect them.[1]

**Article XXIV.**   Treaties, agreements, and other constructive arrangements

1.      Indigenous peoples have the right to the recognition, observance, and enforcement of the treaties, agreements and other constructive arrangements concluded with states and their successors, in accordance with their true spirit and intent in good faith and to have the same be respected and honored by the States. States shall give due consideration to the understanding of the indigenous peoples as regards to treaties, agreements and other constructive arrangements.

2.      When disputes cannot be resolved between the parties in relation to such treaties, agreements and other constructive arrangements, these shall be submitted to competent bodies, including regional and international bodies, by the States or indigenous peoples concerned.

_____

1.   The State of Colombia breaks with consensus as regards Article XXIII, paragraph 2, of the OAS Declaration on Indigenous Peoples, which deals with consultations for obtaining indigenous …

- 11 -

3.      Nothing in this Declaration may be interpreted as diminishing or eliminating the rights of indigenous peoples contained in treaties, agreements and other constructive arrangements.

## SECTION FIVE: Social, Economic, and Property Rights

**Article XXV**.   Traditional forms of property and cultural survival. Right to land, territory, and resources

1.      Indigenous peoples have the right to maintain and strengthen their distinctive spiritual, cultural, and material relationship to their lands, territories, and resources and to assume their responsibilities to preserve them for themselves and for future generations.

2.      Indigenous peoples have the right to the lands, territories and resources which they have traditionally owned, occupied or otherwise used or acquired.

3.      Indigenous peoples have the right to own, use, develop and control the lands, territories and resources that they possess by reason of traditional ownership or other traditional occupation or use, as well as those which they have otherwise acquired.

4.      States shall give legal recognition and protection to these lands, territories and resources. Such recognition shall be conducted with due respect to the customs, traditions and land tenure systems of the indigenous peoples concerned.

5.      Indigenous peoples have the right to legal recognition of the various and particular modalities and forms of property, possession and ownership of their lands, territories, and resources in accordance with the legal system of each State and the relevant international instruments. The states shall establish the special regimes appropriate for such recognition, and for their effective demarcation or titling.

**Article XXVI.**  Indigenous peoples in voluntary isolation or initial contact

1.      Indigenous peoples in voluntary isolation or initial contact have the right to remain in that condition and to live freely and in accordance with their cultures.

2.      The states shall adopt adequate policies and measures with the knowledge and participation of indigenous peoples and organizations to recognize, respect, and protect the lands, territories, environment, and cultures of these peoples as well as their life, and individual and collective integrity.

**Article XXVII.** Labor Rights

1.      Indigenous peoples and persons have the rights and guarantees recognized in national and international labor law. States shall take all special measures to prevent, punish and remedy the discrimination to which indigenous peoples and persons are subjected.

- 12 -

2.       States, in conjunction with indigenous peoples, shall adopt immediate and effective measures to eliminate exploitative labor practices with regard to indigenous peoples, in particular, indigenous children, women and elders.

3.       In case indigenous peoples are not effectively protected by the laws applicable to workers in general, states, in conjunction with indigenous peoples, shall take all measures that may be necessary in order to:

      a.    protect indigenous workers and employees in relation to contracting under fair and equal conditions in both formal and informal employment;

      b.    establish, apply, or improve labor inspection and the enforcement of rules with particular attention to, *inter alia*, regions, companies, and labor activities in which indigenous workers or employees participate;

      c.    establish, apply or enforce laws so that both female and male indigenous workers:

          i.    enjoy equal opportunities and treatment in all terms, conditions, and benefits of employment, including training and capacity-building, under national and international law;

          ii.    enjoy the right of association, the right to form trade unions, and join trade union activities, and the right to bargain collectively with employers through representatives of their own choosing or workers' organizations, including traditional authorities;

          iii.    are not subject to discrimination or harassment on the basis of, *inter alia*, race, sex, indigenous origin or identity;

          iv.    are not subject to coercive hiring systems, including debt servitude or any other form of forced or compulsory labor regardless of whether the labor arrangement arises from law, custom, or an individual or collective arrangement, in which case the labor arrangement shall be deemed absolutely null and void;

          v.    are not forced to work in conditions that endanger their health and personal safety; and are protected from work that does not comport with occupational health and safety standards; and

          vi.    receive full and effective legal protection, without discrimination, when they provide their services as seasonal, occasional, or migrant workers, as well as when they are contracted by employers such that they receive the benefits of the national legislation and practices, which shall be in accordance with the international human rights laws and standards for this category of workers;

      d.    ensure that the indigenous workers and their employers are informed of the rights of indigenous workers under national law and international and indigenous standards, and of the remedies and actions available to them to protect those rights.

4.       States shall take measures to promote employment of indigenous individuals.

- 13 -

**Article XXVIII.**       Protection of Cultural Heritage and Intellectual Property

1.       Indigenous peoples have the right to the full recognition and respect for their property, ownership, possession, control, development, and protection of their tangible and intangible cultural heritage and intellectual property, including its collective nature, transmitted through millennia, from generation to generation.

2.       The collective intellectual property of indigenous peoples includes, *inter alia*, traditional knowledge and traditional cultural expressions including traditional knowledge associated with genetic resources, ancestral designs and procedures, cultural, artistic, spiritual, technological, and scientific, expressions, tangible and intangible cultural heritage, as well as the knowledge and developments of their own related to biodiversity and the utility and qualities of seeds and medicinal plants, flora and fauna.

3.       States, with the full and effective participation of indigenous peoples, shall adopt measures necessary to ensure that national and international agreements and regimes provide recognition and adequate protection for the cultural heritage of indigenous peoples and intellectual property associated with that heritage. In adopting these measures, consultations shall be effective intended to obtain the free, prior, and informed consent of indigenous peoples.

**Article XXIX.** Right to development

1.       Indigenous peoples have the right to maintain and determine their own priorities with respect to their political, economic, social, and cultural development in conformity with their own world view. They also have the right to be guaranteed the enjoyment of their own means of subsistence and development, and to engage freely in all their economic activities

2.       This right includes the development of policies, plans, programs, and strategies in the exercise of their right to development and to implement them in accordance with their political and social organization, norms and procedures, their own world views and institutions.

3.       Indigenous peoples have the right to be actively involved in developing and determining development programmes affecting them and, as far as possible, to administer such programmes through their own institutions.

4.       States shall consult and cooperate in good faith with the indigenous peoples concerned through their own representative institutions in order to obtain their free and informed consent prior to the approval of any project affecting their lands or territories and other resources, particularly in connection with the development, utilization or exploitation of mineral, water or other resources.[2]

5.       Indigenous peoples have the right to effective measures to mitigate adverse ecological, economic, social, cultural, or spiritual impacts for the implementation of development projects that affect their rights. Indigenous peoples who have been deprived of their own means of subsistence and development have the right to restitution and, where this is not possible, to fair and

---

2.  The State of Colombia breaks with consensus as regards Article XXIX, paragraph 4, of the OAS Declaration on Indigenous Peoples, which deals with consultations for obtaining indigenous...

- 14 -

equitable compensation. This includes the right to compensation for any damage caused to them by the implementation of state, international financial institutions or private business plans, programs, or projects.

**Article XXX.**   Right to peace, security, and protection

    1.     Indigenous peoples have the right to peace and security.

    2.     Indigenous peoples have the right to recognition and respect for their institutions for the maintenance of their organization and control of its communities and peoples.

    3.     Indigenous peoples have the right to protection and security in situations or periods of internal or international armed conflict pursuant to international humanitarian law.

    4.     States, in compliance with international agreements to which they are party, in particular international humanitarian law and international human rights law, including the Fourth Geneva Convention of 1949 relative to the protection of civilian persons in time of war, and Protocol II of 1977 relating to the protection of victims of non-international armed conflicts, in the event of armed conflicts shall take adequate measures to protect the human rights, institutions, lands, territories, and resources of the indigenous peoples and their communities. Likewise, States:

          a.     Shall not recruit indigenous children and adolescents into the armed forces under any circumstances;

          b.     Shall take measures of effective reparation and provide adequate resources for the same, in jointly with the indigenous peoples affected, for the damages incurred caused by an armed conflict.

          c.     Shall take special and effective measures in collaboration with indigenous peoples to guarantee that indigenous women, children live free from all forms of violence, especially sexual violence, and shall guarantee the right to access to justice, protection, and effective reparation for damages incurred to the victims.

6. Military activities shall not take place in the lands or territories of indigenous peoples, unless justified by a relevant public interest or otherwise freely agreed with or requested by the indigenous peoples concerned.[3/]

### SECTION SIX: General Provisions

### Article XXXI

    1.     The states shall ensure the full enjoyment of the civil, political, economic, social, and cultural rights of indigenous peoples, as well as their right to maintain their cultural identity, spiritual and religious traditions, worldview, values and the protection of their religious and cultural sites, and human rights contained in this Declaration.

---

3. The State of Colombia breaks with consensus as regards Article XXX, paragraph 5, of the OAS Declaration on Indigenous Peoples, since according to the mandate contained in the ....

- 15 -

2.      The states shall promote, with the full and effective participation of the indigenous peoples, the adoption of the legislative and other measures that may be necessary to give effect to the rights included in this Declaration.

**Article XXXII**

All the rights and freedoms recognized in the present Declaration are guaranteed equally to indigenous women and men.

**Article XXXIII**

Indigenous peoples and persons have the right to effective and appropriate remedies, including prompt judicial remedies, for the reparation of all violations of their collective and individual rights. The states, with full and effective participation of indigenous peoples, shall provide the necessary mechanisms for the exercise of this right.

**Article XXXIV**

In case of conflicts and disputes with indigenous peoples, states shall provide, with the full and effective participation of those peoples, just, equitable and effective mechanisms and procedures for their prompt resolution. For this purpose, due consideration and recognition shall be given to the customs, traditions, norms or legal systems of the indigenous peoples concerned.

**Article XXXV**

Nothing in this Declaration may be interpreted so as to limit, restrict, or deny human rights in any way, or so as to authorize any action that is not in keeping with international human rights law.

**Article XXXVI**

In the exercise of the rights enunciated in the present Declaration, human rights and fundamental freedoms of all shall be respected. The exercise of the rights set forth in this Declaration shall be subject only to such limitations as are determined by law and in accordance with international human rights obligations. Any such limitations shall be non-discriminatory and strictly necessary solely for the purpose of securing due recognition and respect for the rights and freedoms of others and for meeting the just and most compelling requirements of a democratic society.

The provisions set forth in this Declaration shall be interpreted in accordance with the principles of justice, democracy, respect for human rights, equality, non-discrimination, good governance, and good faith.

**Article XXXVII**

Indigenous peoples have the right to have access to financial and technical assistance from States and through international cooperation, for the enjoyment of the rights contained in this Declaration.

- 16 -

**Article XXXVIII**

The Organization of American States, its organs, agencies, and entities, shall take all necessary measures to promote the full respect, protection, and application of the rights of indigenous peoples contained in this Declaration and shall endeavor to ensure their efficacy.

**Article XXXIX**

The nature and scope of the measures that shall be taken to implement this Declaration shall be determined in accordance with the spirit and purpose of said Declaration.

**Article XL**

Nothing in this declaration shall be construed as diminishing or extinguishing rights that indigenous peoples now have or may acquire in the future.

**Article XLI**

The rights recognized in this Declaration and the United Nations Declaration on the Rights of Indigenous Peoples constitute the minimum standards for the survival, dignity, and well-being of the indigenous peoples of the Americas.

- 17 -

FOOTNOTES

1.     ...individuals, increasing indigenous participation in national political processes, addressing lack of infrastructure and poor living conditions in indigenous areas, combating violence against indigenous women and girls, promoting the repatriation of ancestral remains and ceremonial objects, and collaborating on issues of land rights and self-governance, among many other issues. The multitude of ongoing initiatives with respect to these topics provide avenues for addressing some of the consequences of past actions. The United States has, however, persistently objected to the text of this American Declaration, which is not itself legally binding and therefore does not create new law, and is not a statement of Organization of American States (OAS) Member States' obligations under treaty or customary international law.

The United States reiterates its longstanding belief that implementation of the United Nations Declaration on the Rights of Indigenous Peoples ("UN Declaration") should remain the focus of the OAS and its Member States. OAS Member States joined other UN Member States in renewing their political commitments with respect to the UN Declaration at the World Conference on Indigenous Peoples in September 2014. The important and challenging initiatives underway at the global level to realize the respective commitments in the UN Declaration and the outcome document of the World Conference are appropriately the focus of the attention and resources of States, indigenous peoples, civil society, and international organizations, including in the Americas. In this regard, the United States intends to continue its diligent and proactive efforts, which it has undertaken in close collaboration with indigenous peoples in the United States and many of its fellow OAS Member States, to promote achievement of the ends of the UN Declaration, and to promote fulfillment of the commitments in the World Conference outcome document. Of final note, the United States reiterates its solidarity with the concerns expressed by indigenous peoples concerning their lack of full and effective participation in these negotiations.

2.     ...in full partnership with Indigenous peoples in Canada, to move forward with the implementation of the UN Declaration on the Rights of Indigenous Peoples in accordance with Canada's Constitution. As Canada has not participated substantively in recent years in negotiations on the American Declaration on the Rights of Indigenous Peoples, it is not able at this time to take a position on the proposed text of this Declaration. Canada is committed to continue working with our partners in the OAS on advancing Indigenous issues across the Americas.

3.     ...communities' prior, free, and informed consent before adopting and enforcing legislative or administrative measures that could affect them, in order to secure their free, prior, and informed consent.

This is because Colombian law defines such communities' right of prior consultation in accordance with ILO Convention No. 169. Thus, the Colombian Constitutional Court has ruled that the consultation process must be pursued "with the aim of reaching an agreement or securing the consent of the indigenous communities regarding the proposed legislative measures." It must be noted that this does not translate into the ethnic communities having the power of veto over measures affecting them directly whereby such measures cannot proceed without their consent; instead, it means that following a disagreement "formulas for consensus-building or agreement with the community" must be presented.

- 18 -

Moreover, the Committee of Experts of the International Labour Organization (ILO) has established that prior consultation does not imply the right to veto state decisions, but is rather a suitable mechanism for indigenous and tribal peoples to enjoy the right of expression and of influencing the decision-making process.

Accordingly, and in the understanding that this Declaration's approach to prior consent is different and could amount to a possible veto, in the absence of an agreement, which could bring processes of general interest to a halt, the contents of this article are unacceptable to Colombia.

4.       …communities' prior, free, and informed consent before approving projects that could affect their lands or territories and other resources.

This is because although the Colombian State has included in its legal order a wide range of rights intended to recognize, guarantee, and uphold the constitutional rights and principles of pluralism and ethnic and cultural diversity in the nation within the framework of the Constitution, the recognition of the collective rights of indigenous peoples is regulated by legal and administrative provisions, in line with the objectives of the State and with principles such as the social and ecological function of property and the state ownership of the subsoil and nonrenewable natural resources.

Accordingly, in those territories indigenous peoples exercise their own political, social, and judicial organization. By constitutional mandate, their authorities are recognized as public state authorities with special status and, as regards judicial matters, recognition is given to the special indigenous jurisdiction, which represents notable progress compared to other countries of the region.

In the international context, Colombia has been a leader in enforcing the rules governing prior consultation set out in Convention No. 169 of the International Labour Organization (ILO), to which our State is a party.

In the understanding that this Declaration's approach to prior consent is different and could amount to a possible veto on the exploitation of natural resources found in indigenous territories, in the absence of an agreement, which could bring processes of general interest to a halt, the contents of this article are unacceptable to Colombia.

In addition, it is important to note that the constitutions of many states, including Colombia, stipulate that the subsoil and nonrenewable natural resources are the property of the State to preserve and ensure their public usefulness to the benefit of the entire nation. For that reason, the provisions contained in this article are contrary to the domestic legal order of Colombia, based on the national interest.

5.       …Constitution of Colombia, the security forces are obliged to be present in any part of the nation's territory to provide and uphold protection and respect for all inhabitants' lives, honor, and property, both individually and collectively. The protection of the rights and integrity of indigenous communities depends largely on the security of their territories.

Thus, in Colombia the security forces have been given instructions to observe the obligation of protecting indigenous peoples. Accordingly, the provision of the OAS Declaration on Indigenous Peoples under examination would be in breach of the principle of need and effectiveness of the

- 19 -

security forces, hindering the performance of their institutional mission, which renders it unacceptable to Colombia.

**ANNEX I**

NOTES OF INTERPRETATION FROM THE DELEGATION OF COLOMBIA


INTERPRETATIVE NOTE No. 1
OF THE STATE OF COLOMBIA WITH RESPECT TO ARTICLE VIII OF THE OAS
DECLARATION ON INDIGENOUS PEOPLES:

As regards Article VIII, on the right to belong to indigenous peoples, Colombia expressly declares that the right to belong to one or more indigenous peoples is to be governed by the autonomy of each indigenous people.

This is pursuant to Article 8.2 of ILO Convention 169: "These peoples shall have the right to retain their own customs and institutions, where these are not incompatible with fundamental rights defined by the national legal system and with internationally recognized human rights. Procedures shall be established, whenever necessary, to resolve conflicts which may arise in the application of this principle."

It is important to specify that when a person shares different indigenous origins—in other words, when his or her mother belongs to one ethnic group and his or her father belongs to another (to give just one example)—his or her belonging to one or another of those indigenous peoples may only be defined according to the traditions involved. In other words, to determine an individual's belonging to a given indigenous people, the cultural patterns that determine family ties, authority, and ethnic attachment must be examined on a case-by-case basis.

A case of contact between two matrilineal traditions is not the same as a contact between a matrilineal tradition and a patrilineal one. Similarly, the jurisdiction within which the individual lives, the obligations arising from the regime of rights contained in that jurisdiction, and the socio-geographical context in which he or she specifically carries out his or her everyday cultural and political activities must be established.

The paragraph to which this note refers is transcribed below:

ARTICLE VIII
RIGHT TO BELONG TO THE INDIGENOUS PEOPLES

"Indigenous persons and communities have the right to belong to one or more indigenous peoples, in accordance with the identity, traditions, customs, and systems of belonging of each people. No discrimination of any kind may arise from the exercise of such a right."


INTERPRETATIVE NOTE No. 2
OF THE STATE OF COLOMBIA WITH RESPECT TO ARTICLE XIII, PARAGRAPH 2, ARTICLE
XVI, PARAGRAPH 3, ARTICLE XX, PARAGRAPH 2, AND ARTICLE XXXI, PARAGRAPH 1, OF
THE OAS DECLARATION ON INDIGENOUS PEOPLES.

As regards the idea of sacred sites and objects referred to in Article XIII, paragraph 2, Article XVI, paragraph 3, Article XX, paragraph 2, and Article XXXI, paragraph 1, of the OAS Declaration on Indigenous Peoples, the Colombian State expressly declares that the determination and regulation of indigenous peoples' sacred sites and objects is to be governed by the developments attained at the

national level. This is because there is no internationally accepted definition and since neither Convention 169 of the International Labour Organization (ILO) nor the United Nations Declaration on the Rights of Indigenous Peoples make reference to or define those terms.

On this matter, Colombia has been making progress with the regulation of that issue, and that progress has involved and will continue to involve the participation of the indigenous peoples and it will continue to advance toward that goal in accordance with the Colombian legal order and, when appropriate, with the applicable international instruments.

The paragraphs to which this note refers are transcribed below:

ARTICLE XIII
RIGHT TO CULTURAL IDENTITY AND INTEGRITY

2.      "States shall provide redress through effective mechanisms, which may include restitution, developed in conjunction with indigenous peoples, with respect to their cultural, intellectual, religious and spiritual property taken without their free, prior and informed consent or in violation of their laws, traditions and customs."

ARTICLE XVI
INDIGENOUS SPIRITUALITY

3.      "Indigenous Peoples have the right to preserve, protect, and access their sacred sites, including their burial grounds; to use and control their sacred objects relics, and to recover their human remains." (Approved on April 24, 2015 – Seventeenth Meeting of Negotiations in the Quest for Points of Consensus.)

ARTICLE XX
RIGHTS OF ASSOCIATION, ASSEMBLY, AND FREEDOM OF EXPRESSION AND THOUGHT

2.      "Indigenous peoples have the right to assemble on their sacred and ceremonial sites and areas. For this purpose they shall have free access and use to these sites and areas." (Approved on January 18, 2011 – Thirteenth Meeting of Negotiations in the Quest for Points of Consensus.)

ARTICLE XXXI

1.      "The states shall ensure the full enjoyment of the civil, political, economic, social, and cultural rights of indigenous peoples, as well as their right to maintain their cultural identity, spiritual and religious traditions, worldview, values and the protection of their religious and cultural sites, and human rights contained in this Declaration."

INTERPRETATIVE NOTE No. 3
OF THE STATE OF COLOMBIA WITH RESPECT TO ARTICLE XIII, PARAGRAPH 2, OF THE OAS DECLARATION ON INDIGENOUS PEOPLES:

The State of Colombia expressly declares that of indigenous peoples' right to promote and develop all their communication systems and media is subject to the requirements and procedures established in the current domestic regulations.

The paragraph to which this note refers is transcribed below:

- 22 -

ARTICLE XIV
SYSTEMS OF KNOWLEDGE, LANGUAGE AND COMMUNICATION

     3.      "Indigenous peoples have the right to promote and develop all their systems and media of communication, including their own radio and television programs, and to have equal access to all other means of communication and information. The states shall take measures to promote the broadcast of radio and television programs in indigenous languages, particularly in areas with an indigenous presence. The states shall support and facilitate the creation of indigenous radio and television stations, as well as other means of information and communication."